The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and argument by defendants on appeal. Plaintiff did not argue before the Full Commission. The appealing party has not shown good grounds to receive further evidence or to amend the prior Opinion and Award. Therefore, the Full Commission hereby affirms and adopts the decision of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing on 18 March 1997 as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with Riscorp/N.C. Commerce Fund as the servicing agent.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff's average weekly wage was $320.00, which yields a compensation rate of $213.34 per week.
5. Plaintiff was out of work from 10 May 1996 through 20 June 1996, during which time he would be entitled to compensation should this claim be found to be compensable.
6. The issue for determination is whether plaintiff sustained a compensable injury on 10 May 1996, and if so, to what compensation may he be entitled under the Act.
7. The parties stipulated the following exhibits into the record:
 a. Medical Records of Iredell Surgical Center, eleven pages;
b. Medical Records of Dr. Paul Swaney, three pages;
 c. Medical Records of Rowan Medical Center, four pages; and
 d. Exhibit 1, plaintiff's Recorded Statement, eight pages.
8. The alleged time of onset was sometime in April of 1996.
9. Plaintiff has received no temporary disability benefits.
 ***********
The Full Commission adopts findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a thirty-six year old male high school graduate. Plaintiff received vocational training as a truck driver, and he began working for defendant-employer on or about 27 December 1994 as a yard worker, where he loaded trucks. Thereafter, he became a driver for defendant, where his duties occasionally included covering the load with tarps in inclement weather. In addition to truck driving, plaintiff engages in farming, tending a few head of cattle, and operating a tractor.
2. The tarps used to cover the load were in two pieces, each weighing one hundred and ten pounds dry and one hundred and twenty-five pounds wet. Generally, the tarps had to be utilized one out of every ten working days over the course of a year, and only about one-third of those times would plaintiff actually have to unroll the tarps himself for the load. The other two-thirds of the time, the yard workers would cover the load.
3. On 24 April 1996, plaintiff underwent a routine DOT physical, which was required. Dr. Cheryl Vernon of Salisbury-Rowan Medical Center performed the examination, during which plaintiff was found to have an inguinal hernia.
4. Prior to the physical, plaintiff had made no complaint regarding any groin discomfort or hernia.
5. Following the physical examination, plaintiff advised his employer of the diagnosis.
6. On 28 May 1996, plaintiff gave a recorded statement, in which he stated that he did not have any swelling, pain or bulging with the hernia at any time prior to the physical examination.
7. Plaintiff was referred to Dr. Paul Swaney on 10 May 1996, where he underwent a left inguinal herniorrhaphy. Plaintiff was released to return to work on 20 June 1996 by Dr. Swaney.
8. Dr. Swaney opined that while truck drivers may be at an increased risk for contracting a hernia than the general public, based upon his assumption that most drivers are responsible for loading and unloading the truck, and for heavy lifting activities such as changing a truck tire. However, plaintiff was not required to load and unload his own truck. Dr. Swaney further opined that the tarping activity could cause a hernia, but only if the activity were performed in a continuous manner, which is not the case in plaintiff's experience. Therefore, the greater weight of the medical evidence in the record supports a finding that the plaintiff's hernia was not causally related to the job.
9. There is no evidence in the record to suggest that the plaintiff's hernia was as a result of an injury which was a direct result of a specific traumatic incident of the work assigned. There was further no evidence in the record to support a finding that the hernia appeared immediately.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury resulting in a hernia, which immediately followed an accident and is a direct result of a specific traumatic incident of the work assigned. G.S. § 97-2(18).
2. Plaintiff has further failed to carry the burden of proof to establish that his hernia was as a result of an occupational disease, within the meaning of G.S. § 97-53(13). There is no medical evidence to establish that the tarping activity, or any other requirement of the truck driving job, placed him at an increased risk for developing a hernia, that the condition was characteristic of and peculiar to the occupation, or that the job was a significant contributing factor to the development of the hernia. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
 S/ ____________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________ THOMAS J. BOLCH COMMISSIONER